

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD J. CRANSTON, JR., JOSEPH MORANDE, ANTHONY FASULO, DAVID MONTELLE, ROCCO CIANCIO and LUCIANO FALZONE, as Trustees and Fiduciaries of the PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND TRAINING FUNDS, | 03 Civ. 5689 (ARR) |
| Plaintiffs, | **JUDGMENT** |
| -against- | |
| COSTA CONSTRUCTION & CONSULTING CORP., | |
| Defendant. | |

The summons and First Amended Complaint in this action having been duly served on the above-named defendant Costa Construction & Consulting Corp., and said defendant having entered into a Consent Judgment in July 2004, and said defendant having failed to make payment of the amounts set forth in the Consent Judgment, and upon the affirmation of Judy Wong,

NOW, on the motion of Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, attorneys for plaintiffs, it is hereby

ORDERED AND ADJUDGED, that plaintiffs DONALD J. CRANSTON, JR., JOSEPH MORANDE, ANTHONY FASULO, DAVID MONTELLE, ROCCO CIANCIO and LUCIANO FALZONE, as Trustees and Fiduciaries of the DISTRICT COUNCIL OF PAVERS AND ROAD BUILDERS OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND TRAINING

FUNDS, do recover of COSTA CONSTRUCTION & CONSULTING CORP., the defendant residing at 95 Crooked Hill Road, Commack, New York 11725, the sum of $40,147.50, plus interest at the legal rate in effect on the date of this judgment; and that the plaintiffs have execution therefor.

Judgment dated: May 4 2005

By: _____
        U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD J. CRANSTON, JR., JOSEPH MORANDE, ANTHONY FASULO, DAVID MONTELLE, ROCCO CIANCIO and LUCIANO FALZONE, as Trustees and Fiduciaries of the PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND TRAINING FUNDS,<br><br>                                          Plaintiffs,<br><br>-against-<br><br>COSTA CONSTRUCTION & CONSULTING CORP.,<br><br>                                          Defendant. | 03 Civ. 5689 (ARR)<br><br><br>**AFFIRMATION OF JUDY WONG** |

JUDY WONG, an attorney duly admitted to practice in the Courts of this State, does hereby affirm to be true under the penalties of perjury as follows:

1.      I am admitted to the Bar of the State of New York and am associated with the law firm of Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, attorneys for Plaintiffs in this action. I submit this affidavit in support of Plaintiffs' request for a judgment against defendant Costa Construction & Consulting Corp. in accordance with the Consent Judgment and Stipulation of Dismissal attached hereto.

2.      This action was commenced on November 12, 2003 under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), to recover unpaid contributions to the plaintiff multiemployer benefit plans (the "Benefit Funds").

3.      In July 2004, the parties entered into a Settlement Agreement which obligated defendant to pay the total amount of $46,238.62 to Plaintiffs over a five-month

period beginning on July 31, 2004 and ending on November 30, 2004. (A copy of the

Settlement Agreement is annexed hereto as Exhibit A.)

4.       The parties also entered into a Consent Judgment and Stipulation of

Dismissal (the "Consent Judgment") which was "so ordered" by Judge Ross on October

8, 2004. (A copy of the Consent Judgment and Stipulation of Dismissal is annexed

hereto as Exhibit D.)

5.       The Consent Judgment provided that judgment was entered against

defendant in the amount of $49,398.12, and that defendant would pay that amount in five

monthly installments. The Consent Judgment further provided that

> In the event any payment under paragraph 1 of the
> Settlement Agreement is not made when due, Plaintiffs . . .
> shall mail certified mail return receipt requested or deliver
> a notice of such default addressed to Costa Construction &
> Consulting Corp., 95 Crooked Hill Road, Commack, New
> York 11725 . . . Such default may be cured by making
> payment of the installment or installments then due to
> Plaintiffs within five business days of receipt of Plaintiffs'
> notice of default.
>
> In the event any default in payment is not cured in
> accordance with the terms of paragraph 3 hereof, the clerk
> is authorized to enter judgment on Plaintiffs' application in
> accordance with the terms of the Consent Judgment for the
> amount of $49,398.12 . . . less payments received pursuant
> to this Agreement, upon the filing of this Agreement and an
> affidavit of the attorney for Plaintiffs as to such default.

See Exhibit B.

6.       Defendant has failed to make payment of $40,147.50 of the total

settlement amount as required by the Settlement Agreement. Plaintiffs transmitted a

default notice to Defendant via certified mail return receipt requested on October 8, 2004

and a second one in November 2004. (A copy of the October 8, 2004 default notice and

the October 2004 and December 2004 return receipts are collectively annexed hereto as Exhibit C.)

7.      More than five business days have elapsed since receipt of the notices, and defendant has not cured its default.

8.      Pursuant to the Consent Judgment, plaintiffs are entitled to enforce a judgment in the amount of $49,398.12 less the payments made by defendant. Defendant has paid $9,250.62 to plaintiffs, leaving an unpaid balance of $40,147.50.

9.      For the foregoing reasons, I respectfully request that this Court enter the annexed Judgment, awarding Plaintiffs damages in the total amount of $40,147.50.

Judy Wong (JW 1531)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080
Attorneys for Plaintiffs

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                              ss.:
COUNTY OF NEW YORK  )

        MARISELA RUIZ, being duly sworn, deposes and says:

        I am not a party to this action, am over 18 years of age and reside in the State of New York.  On January 6, 2005, I served the annexed Affirmation of Judy Wong with exhibits on defendant Costa Construction & Consulting Corp., 95 Crooked Hill Road, Commack, New York 11725, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                                      _Marisela Ruiz_
                                                       Marisela Ruiz

Sworn to before me this
6th day of January 2005

Notary Public

        YAMILETH SANCHEZ
    Notary Public, State of New York
         No. 01SA6008848
      Qualified in Nassau County
  Commission Expires June 15, 20 06

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD J. CRANSTON, JR., JOSEPH MORANDE, ANTHONY FASULO, DAVID MONTELLE, ROCCO CIANCIO and LUCIANO FALZONE, as Trustees and Fiduciaries of the PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND TRAINING FUNDS, | 03 Civ. 5689 (ARR) |
| Plaintiffs, | **SETTLEMENT AGREEMENT** |
| -against- | |
| COSTA CONSTRUCTION & CONSULTING CORP., | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiffs Donald J. Cranston, Jr., Joseph Morande, Anthony Fasulo, David Montelle, Rocco Ciancio and Luciano Falzone, as Trustees and Fiduciaries of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (the "Plaintiffs") and defendant Costa Construction & Consulting Corp. ("Costa"), that the above-captioned action is settled upon the following terms and conditions.

1.    Costa shall pay the remaining sum of $46,238.62 to Plaintiffs, consisting of (1) delinquent contributions in the amount of $39,006.56 based on a payroll audit covering the period April 2002 through August 2003, (2) the audit fee of $1,707.00, (3) reported but unpaid contributions in the amount of $38,588.46 for work performed during the period September 2003 through April 2004, (4) interest thereon in the amount of

$8,301.50, (5) interest for previous late payments of contributions in the amount of $635.10, and (6) attorneys' fees of $4,000.00, less payments previously made by Costa in the aggregate amount of $46,000.00 on account. Payment shall be made in the following installments as indicated below:

    (a)    $9,250.62 on or before July 31, 2004;

    (b)    $9,247.00 on or before August 31, 2004;

    (c)    $9,247.00 on or before September 30, 2004;

    (d)    $9,247.00 on or before October 31, 2004; and

    (e)    $9,247.00 on or before November 30, 2004.

All payments shall be by check made payable to "Pavers & Road Builders Combined Benefit Fund Account" and shall be sent by first-class mail to Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, Trinity Centre, 111 Broadway, Suite 1403, New York, New York 10006, unless the Plaintiffs' attorney shall have notified Costa in writing of another address or addressee to which payments are to be sent.

    2.    Immediately upon execution of this Agreement, the parties shall sign a Consent Judgment and Stipulation of Dismissal in the form annexed hereto as Exhibit A. Counsel for the Plaintiffs shall submit the original of the Consent Judgment and Stipulation of Dismissal to the Court to be signed and docketed.

    3.    In the event any payment under paragraph 1 hereof is not made when due, Plaintiffs or their authorized agent shall mail certified mail return receipt requested or deliver a notice of such default addressed to Costa Construction & Consulting Corp., 95 Crooked Hill Road, Commack, New York 11725, unless the Defendant shall have notified Plaintiffs in writing of another address for the giving of such notice. Such

default may be cured by making payment of the installment or installments than due to Plaintiffs within five business days of receipt of Plaintiffs' notice of default.

4.    In the event any default in payment is not cured in accordance with the terms of paragraph 3 hereof, the clerk is herewith authorized to enter judgment on Plaintiffs' application in accordance with the terms of the Consent Judgment for the amount of $49,398.12 (representing the Settlement Amount plus liquidated damages in the amount of $3,159.50) less payments received pursuant to this Agreement, upon the filing of this Agreement and an affidavit of the attorney for Plaintiffs as to such default.

5.    Neither this Agreement nor any proceeding taken hereunder shall be construed as or deemed to be evidence or any admission or concession by either party of any liability, or of any fact or proposition of law.    None of the provisions of this Agreement, nor evidence of any negotiations or proceedings in pursuance of the compromise and settlement herein, shall be offered or received in evidence in any action or proceeding as an admission or concession of liability of any nature on the part of the Plaintiffs or the Defendant, or for any other purpose whatsoever, except to enforce the terms and provisions hereof.

6.    Defendant agrees to timely pay all fringe benefit contributions that become due and owing during the duration of this Agreement as provided in the collective bargaining agreement between the Highway, Road and Street Construction Laborers Local Union 1010 and Costa Construction & Consulting Corp.    Any failure to pay current contributions in a timely fashion during the duration of this Agreement shall constitute a default under Paragraph No. 3 of this Agreement and invoke the mechanism set forth in Paragraph No. 3 for curing the default.

7.    The Plaintiffs retain the right to conduct a payroll audit of the books and records of Costa to verify the accuracy of the amounts reported by Costa to be owed for work performed during the period September 2003 through April 2004, which amounts are included in this settlement.  In the event that such a payroll audit reveals amounts due and owing for the period September 2003 through April 2004 in addition to those heretofore reported by Costa and included herein, the Plaintiffs reserve the right to pursue recovery of said amounts notwithstanding this settlement and nothing set forth herein shall serve to extinguish or limit the rights otherwise possessed by, and available to, Plaintiffs for recovering additional delinquent contributions discovered after consummation of this settlement.  Failure to fully cooperate in the scheduling and performance of a payroll audit will constitute an uncured default under this Settlement Agreement and incur all of the consequences referred to in paragraph 4, *supra*.

8.    This Agreement shall not be modified except in a writing signed by the parties to this Agreement.

Dated: New York, New York
       July ___, 2004

TRUSTEES OF THE PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, ANNUITY AND APPRENTICESHIP,
SKILL IMPROVEMENT AND TRAINING FUNDS

By: _____

    Name: David Montelle
    Title: Trustee


COSTA CONSTRUCTION & CONSULTING CORP.

By: _____

    Name: Elena Notarzaro
    Title: Executive Business Director

STATE OF NEW YORK    )
                                    : ss.:
COUNTY OF _Kings_    )
            _9/15/04_

On ~~July ___ 2004~~, before me personally came _Elena Nazzaro_ to me known,

who, by me duly sworn, did depose and say that deponent resides at

_49 Michigan St, Long Beach, NY 11561_ that deponent is the _Executive Director_ of COSTA

CONSTRUCTION & CONSULTING CORP., the party described herein, and that

deponent executed the foregoing Settlement Agreement on behalf of COSTA

CONSTRUCTION & CONSULTING CORP., and was authorized to do so.

_____
            Notary Public

ROBERT IMBURGIA
Notary Public, State of New York
No. 24-4973836
Qualified in Kings County
Commission Expires Oct 29, 20

ROBERT IMBURGIA
Notary Public, State of New York
No. 24-4973836
Qualified in Kings County
Commission Expires Oct 29, 20 04

STATE OF NEW YORK )
: ss.:
COUNTY OF QUEENS )

On ~~July~~ *September* _29_, 2004, before me personally came David Montelle to me known,

who, by me duly sworn, did depose and say that deponent's principal place of business is

136-25 37th Avenue, Flushing, New York, that deponent is a Trustee of the Pavers and

Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill

Improvement and Training Funds, the party described herein, and that deponent executed

the foregoing Settlement Agreement on behalf of the Pavers and Road Builders District

Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training

Funds, and was authorized to do so.

_____
Notary Public

JUDY WONG
Notary Public, State of New York
No. 02WO6045402
Qualified in New York County
Commission Expires July 31, 20 _06_

Exhibit D



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD J. CRANSTON, JR., JOSEPH MORANDE, ANTHONY FASULO, DAVID MONTELLE, ROCCO CIANCIO and LUCIANO FALZONE, as Trustees and Fiduciaries of the PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND TRAINING FUNDS,<br><br>          Plaintiffs,<br><br>-against-<br><br>COSTA CONSTRUCTION & CONSULTING CORP.,<br><br>          Defendant. | 03 Civ. 5689 (ARR)<br><br><br>**CONSENT JUDGMENT AND STIPULATION OF DISMISSAL** |

In accordance with the attached Settlement Agreement, the terms of which are incorporated herein by reference, the Court hereby enters Judgment as follows:

1.    Judgment is entered in favor of plaintiffs Donald J. Cranston, Jr., Joseph Morande, Anthony Fasulo, David Montelle, Rocco Ciancio and Luciano Falzone, as Trustees and Fiduciaries of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (the "Plaintiffs") and against defendant Costa Construction & Consulting Corp. (the "Defendant") in the amount of $49,398.12, consisting of (1) delinquent contributions in the amount of $39,006.56 based on a payroll audit covering the period April 2002 through August 2003, (2) the audit fee of $1,707.00, (3) reported but unpaid contributions in the amount of $38,588.46 for work performed during the period September 2003 through April 2004, (4) interest thereon in the amount of $8,301.50, (5) interest for previous late payments of contributions in the amount of $635.10, (6) attorneys' fees of

$4,000.00, and (7) liquidated damages in the amount of $3,159.50, less payments previously made by Costa in the aggregate amount of $46,000.00 on account.

2.    Defendant shall pay Plaintiffs this Judgment of $46,238.62 in accordance with the terms and conditions of the attached Settlement Agreement, including the payment schedule set forth in paragraph 1 of the Settlement Agreement.  So long as Defendant adheres to the terms and conditions of the Settlement Agreement, including paragraph 1 thereof, Plaintiffs shall take no action to enforce this Judgment by any other means.

3.    In the event any payment under paragraph 1 of the Settlement Agreement is not made when due, Plaintiffs or their authorized agent shall mail certified mail return receipt requested or deliver a notice of such default addressed to Costa Construction & Consulting Corp., 95 Crooked Hill Road, Commack, New York 11725, unless Defendant shall have notified Plaintiffs in writing of another address for the giving of such notice.  Such default may be cured by making payment of the installment or installments then due to Plaintiffs within five business days of receipt of Plaintiffs' notice of default.

4.    In the event that Defendant fails to adhere to the terms and conditions of the Settlement Agreement, including paragraph 3 thereof, Plaintiffs shall be entitled to the then remaining balance.  Plaintiffs may file an affidavit with this Court setting forth such failure and an itemization of the then remaining balance, which shall equal $49,398.12 less any payments made by Defendant under the Settlement Agreement.

5.    Upon the filing of such an affidavit, Plaintiffs will then be entitled to enforce this Judgment with respect to such remaining balance by all means permitted by law.

6.    Jurisdiction is retained solely to assure compliance with the terms of the Consent Judgment and the attached Settlement Agreement.  In all other respects, this action shall be deemed dismissed, with prejudice and without costs.

Dated: _____

We stipulate to and request entry
of this Consent Judgment

TRUSTEES OF THE PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, ANNUITY AND APPRENTICESHIP,
SKILL IMPROVEMENT AND TRAINING FUNDS

By: _____
   Name: David Montelle
   Title: Trustee

COSTA CONSTRUCTION & CONSULTING CORP.

By: _____
   Name: Elena Dorbanu
   Title: Executive Business Director

_____
                    USDJ

-3-

# Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
## ATTORNEYS AT LAW

ROY BARNES*
RICCARDO IACCARINO
CHARLES R. VIRGINIA**
LLOYD R. AMBINDER**
WENDELL V. SHEPHERD

———

MICHELLE T. BAGINSKI
BETH MORETTI-BUONSANTE
DENNIS M. CARIELLO
DANIELLE CERONE
SUSAN GHIM
DANA HENKE†
STEVEN KERN††
YONGMIN OH
ADRIENNE PAULE
DAVID T. WEINBERG
JUDY S. WONG

* Also Admitted in PA
** Also Admitted in NJ
† Also Admitted in DC
†† Also Admitted in CT

Trinity Centre
111 Broadway
Suite 1403
New York, New York 10006
(212) 943-9080
Fax: (212) 943-9082

258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-5740
Fax: (914) 592-3215

3 Surrey Lane
Hempstead, New York 11550
(516) 483-2990
Fax: (516) 483-0566

———

OF COUNSEL:
Giacchino J. Russo, Esq.
Kathleen A. McGoldrick, Esq.
Albert Rodrigues, Esq.

October 8, 2004

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Elena Nazzaro
Costa Construction & Consulting Corp.
95 Crooked Hill Road
Commack, New York 11725

      Re:    ***Cranston, et al. v. Costa Construction, 03 Civ. 5689 (ARR)***

Dear Ms. Nazzaro:

      I write pursuant to paragraph 1 of the Settlement Agreement to provide formal notice that Costa Construction & Consulting Corp. ("Costa") has failed to make payment of the second installment of $9,247.00 due on August 31, 2004 and the third installment of $9,247.00 due on September 30, 2004. In addition, pursuant to paragraph 6 of the Settlement Agreement, Costa owed reported but unpaid contributions in the amount of $6,532.67 for work performed during May and June 2004.

      Pursuant to the Settlement Agreement, Costa has five business days to cure this default upon pain of entry of a judgment for all remaining unpaid amount.

                Very truly yours,

                Judy Wong

cc: Anthony J. Franco

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms. Elena Nazzaro
Costa Construction
+ Consulting Corp.
95 Crooked Hill Road
Commack, NY 11725

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery   10/18/04

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7004 0750 0000 0081 9087

PS Form 3811, February 2004     Domestic Return Receipt     J.W     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms. Elena Nazzaro
Costa Construction + Consulting
                              Corp.
95 Crooked Hill Rd
Commack, New York 11726

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery   12/2/04

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7004 1160 0000 3421 2957

PS Form 3811, February 2004     Domestic Return Receipt     J.W     102595-02-M-1